RICHARD E. WANLAND, Plaintiff-Appellant, *v.* C. E. THOMPSON COMPANY, Defendant-Appellee.—(SHEARSON, HAYDEN, STONE, INC., *et al.*, Defendants.)

First District (5th Division)   No. 77-211

Opinion filed September 1, 1978.

Kenart M. Rahn, of Chicago, for appellant.

Francis P. Smith, of Chicago (Shaheen, Lundberg, Callahan & Burke, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order striking one of three counts of a complaint and dismissing the defendant named in the stricken count. The broad issue before us is whether the trial court properly struck the count and dismissed the defendant named therein, C. E. Thompson Company (hereinafter "C.E.T."), for failure to sufficiently plead ultimate facts stating a cause of action. In order to resolve this question, we must consider the narrower issues of: (1) whether Delaware law is applicable; (2) if so, whether it requires endorsement and presentation of a stock certificate to the issuing corporation as conditions precedent to the obligation to transfer ownership of the shares of stock represented by the certificate; and (3) whether the complaint shows that plaintiff was incapable of stating a cause of action against C.E.T. We affirm.

On October 21, 1976, plaintiff, Richard E. Wanland, filed a multicount complaint in the court below. Count one was directed against a stockbrokerage, Shearson, Hayden, Stone, Inc. (hereinafter "Shearson"); count two, against Shearson and one of its stockbrokers, George E. Thompson; count three, against C.E.T. In count three, Wanland alleged in part that on June 18, 1973, Thompson executed an assignment of a stock certificate representing 60 shares of 4½ percent, preferred C.E.T.

stock and gave the certificate to Wanland. On February 21, 1976, Thompson told Wanland that the stock certificate had to be exchanged for 60 shares of 6½ percent, preferred C.E.T. stock. Wanland gave Thompson the stock certificate in reliance upon this representation and was given a receipt in return. The 60 shares of 6½ percent C.E.T. stock were never delivered to Wanland and Thompson has refused to return the stock certificate representing 60 shares of 4½ percent stock.

Count three also alleges that Wanland has been a shareholder of C.E.T. since June 18, 1973, and consequently is entitled to receive dividends, notices of annual meetings and financial statements and reports. Nevertheless, C.E.T. has not delivered these items.

Wanland prayed for: (1) a declaratory judgment declaring him the owner of 60 shares of C.E.T. stock; (2) an order directing C.E.T. to enter Wanland's name in its stock transfer records as owner of said shares; and (3) an injunction prohibiting the transfer of the shares represented by the stock certificate to any other person.

C.E.T. responded, in part, with a motion to strike count three on the ground that it was substantially insufficient in law. In support of its motion, C.E.T. pointed to Wanland's failure to allege a condition precedent to registration of the transfer of the certificate to his name. C.E.T. explained that the transfer is governed by a Delaware statute which requires an endorsement on the certificate and presentation of the certificate for registration of a change in ownership. Wanland did not allege that he presented a properly endorsed certificate to C.E.T. for transfer of registration. Thus Wanland failed to state the conditions precedent to both his right to a transfer of the certificate, and C.E.T.'s duty to transfer it. C.E.T. went on to explain that it is required to treat Thompson, the registered owner, as such until plaintiff presents the certificate, properly endorsed, for registration of the transfer. As a result, C.E.T. moved to have count three stricken for failure to state a cause of action.

C.E.T. also moved to dismiss count three on the grounds: (1) that Wanland had an adequate remedy at law in the form of an action for damages; (2) that Wanland failed to state a cause of action that properly invokes the equity jurisdiction of the court; and (3) that Wanland's complaint shows that he cannot state a cause of action. In connection with the third ground, C.E.T. explained that Wanland alleges facts in his complaint from which it can only be concluded that he is unable to present the stock certificate to C.E.T. for transfer as required by Delaware law. As a consequence, Wanland's complaint shows that he is unable to state a cause of action against C.E.T. and will be unable to do so until he obtains possession of the certificate. In connection with the

second ground, C.E.T. pointed out that an order directing C.E.T. to register a transfer of the stock to Wanland would compel C.E.T. to perform an illegal act.

Further, C.E.T. moved to dismiss count three on the ground of laches. With regard to this motion, C.E.T. explained that plaintiff alleges in his complaint a lengthy period of possession following July 13, 1973, but does not allege that he presented the stock to C.E.T. for registration of ownership in his name during this period. C.E.T. added that it had been prejudiced by this action.

On December 7, 1976, the trial court ordered count three stricken and C.E.T. dismissed from the action with prejudice. This appeal followed.

OPINION

We note at the outset that article 8 of the Uniform Commercial Code—Investment Securities (Ill. Rev. Stat. 1977, ch. 26, pars. 8—101 through 8—407) is generally applicable to transactions in securities such as the stock certificate in "registered form" which we find before us. (Ill. Rev. Stat. 1977, ch. 26, pars. 8—102(1)(a) through 8—102(1)(c).) However, section 8—106 of the Code (Ill. Rev. Stat. 1977, ch. 26, par. 8—106) makes Delaware law determinative of the rights and duties of the issuer with respect to registration of transfer where, as here, the issuer is a Delaware corporation.

Under section 8—401 of the Delaware Uniform Commercial Code—Investment Securities (Del. Code Ann., tit. 6, §8—401 (1975)), C.E.T. has a duty to register a transfer of ownership of a security in registered form only upon satisfaction of several conditions including presentation of the security to C.E.T. with a request to register transfer. Not only did Wanland fail to allege that he presented the certificate in question to C.E.T., but he also admitted at oral argument that he never presented the certificate to C.E.T. during the period he held it. Thus, notwithstanding any question of proper endorsement, one condition precedent to C.E.T.'s obligation to transfer ownership of the shares represented by the certificate was not satisfied. Furthermore, under section 8—207 of the Delaware Code (Del. Code Ann., tit. 6, §8—207 (1975)), C.E.T. has the right to treat the registered owner as the person exclusively entitled to vote, receive notifications and otherwise exercise the rights and powers of an owner prior to due presentment of a security in registered form for registration of transfer.

In his complaint, Wanland alleges that Thompson has refused to return the certificate in question. As long as Thompson continues to possess the certificate, plaintiff will be unable to comply with the presentation requirement of section 8—401 of the Delaware Code. Coupling this observation with the fact that plaintiff did not satisfy that requirement

while he held the certificate, we arrive at the conclusion that plaintiff has not stated a cause of action against C.E.T. under Delaware law, and that he cannot state a cause of action against C.E.T. under Delaware law until he gains possession of the certificate.

We have examined plaintiff's other arguments on appeal at length and find them without merit. The issues in the case at bar are clear and we agree with the court below that plaintiff failed to sufficiently plead ultimate facts stating a cause of action. Accordingly, we affirm the order of the Circuit Court of Cook County.

Affirmed.

LORENZ and MEJDA, JJ., concur.